IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JEFFREY QUATRONE )
*On Behalf of Gannett Co., Inc. 401(k)* )
*Savings Plan and all other similar situated* )
)
Plaintiff, ) Civil Action No. 1:18-cv-325 (AJT/JFA)
)
v. )
)
GANNETT CO., INC *et al.*, )
)
)
Defendants. )
_____)

## **ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint [Doc. No. 54] (the "Motion to Amend"). On September 26, 2018, the Court issued an order granting Defendants' Motion to Dismiss [Doc. No. 60] (the "Order"), and judgment was entered in favor of Defendants in accordance with Fed. R. Civ. P. 58 [Doc. No. 62] (the "Rule 58 Judgment"). Defendants' Motion to Dismiss was directed at the original Complaint [Doc. No. 1], and the Motion to Amend was still pending at the time of the Order and Rule 58 Judgment. Thus, on October 1, 2018, the Court issued an order vacating the Rule 58 Judgment pending the Court's consideration of the Motion to Amend. [Doc. No. 64]. Upon consideration of the Motion to Amend and the memoranda of law in support thereof and in opposition thereto, and for the following reasons, the Motion to Amend is DENIED. Also pending at the time the Order and Rule 58 Judgment were entered was Plaintiffs' Motion for Class Certification [Doc. No. 39]; because the Court denies the Motion to Amend, the Motion for Class Certification is DENIED as moot.

1

Pursuant to Fed. R. Civ. P. 15(a)(2), a court must "freely give leave [to amend] when justice so requires." "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotations omitted). Amendment would be futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotations omitted). Thus, where the proposed amended complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6), leave to amend is properly denied. *See id.*

Here, both the original and amended complaints allege violations of §§ 404, 405, and 409 of the Employee Retirement Income Security Act of 1974 ("ERISA") (codified, respectively, at 29 U.S.C. §§ 1104, 1105, and 1109) on the part of Defendants Gannett Co., Inc. ("Gannett") and the Gannett Benefit Plans Committee (the "Committee") with respect to the Gannett Co., Inc. 401(k) Savings Plan (the "Plan"). Briefly summarized, Plaintiff asserts that after Gannett Co., Inc. and TEGNA, Inc. split into two separate companies in mid-2015, Defendants, as fiduciaries of the Plan, should have at some point forced the employees who transferred to Gannett to sell the TEGNA stock they had accumulated in the Plan as TEGNA employees. This Court held that the original complaint failed to state a claim for breach of fiduciary duty arising from Defendants' alleged breach of their duties of prudence, to diversify, and to investigate in failing to force the sale of the TEGNA stock. Because the complaint failed to state a claim as to any underlying breach of fiduciary duty, the Court also found that it failed to allege co-fiduciary liability, and thus dismissed both counts of the original complaint.

Plaintiff seeks to amend the complaint in order to "(1) remove Defendants John/Jane Does 1-10, (2) conform the allegations to the facts learned through discovery, and (3) replace Mr. Quatrone with proposed Class Representative Christina Stegemann as the named plaintiff." [Doc. No. 54] at 1. The question before the Court is whether these proposed amendments rectify the deficiencies of the original complaint, which the Court previously dismissed for failing to state a claim; if not, amendment would be futile and leave to amend should be denied. The proposed removal of the John/Jane Doe Defendants and the replacement of Mr. Quatrone as the class representative clearly would not address the deficiencies of the original complaint. Thus, the question is whether the amendments made to conform the allegations in the complaint to the facts learned through discovery are sufficient to correct those deficiencies. Plaintiff characterizes the proposed amendments as encompassing two new sets of allegations: (1) that Defendants "were required to liquidate the TEGNA Stock Fund pursuant to the Employee Matters Agreement ('EMA')";[1] and (2) that Defendants "were repeatedly told and knew that the TEGNA Stock Fund was an imprudent investment but failed to act on the information in breach of their fiduciary duties." [Doc. No. 66] at 2.

In finding that the original complaint failed to state a claim for breach of fiduciary duty, the Court relied on the pronouncements of the Supreme Court in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), as well as the guidance provided by the Fourth Circuit in *DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410 (4th Cir. 2007) and *Tatum v. RJR Pension Investment Committee*, 855 F.3d 553 (4th Cir. 2017). In *Dudenhoeffer*, the Supreme Court held that "where a stock is publicly traded, allegations that a fiduciary should have recognized from

---

[1] While the proposed amended complaint does include additional allegations with respect to the EMA, *see* [Doc. No. 54-2] ¶¶ 6(e), 23-24, the original complaint also referenced and quoted from the agreement [Doc. No. 1] ¶ 47, and the Court referenced it in its Order, [Doc. No. 60] at 4.

3

publicly available information alone that the market was over- or undervaluing the stock are implausible as a general rule, at least in the absence of special circumstances." 134 S. Ct. at 2471. This Court found that "the holding in *Dudenhoeffer* applies to Plaintiff's breach of fiduciary duty claims," as a result of which those claims are "implausible absent 'special circumstances.'" [Doc. No. 60] at 8. The Court determined that the original complaint failed to allege the kind of special circumstances contemplated by *Dudenhoeffer*, which include "factors that affect the 'reliability of the market price as an unbiased assessment of the security's value in light of all public information.'" *Id.* at 10-11 (quoting *Dudenhoeffer*, 134 S Ct. at 2471). Plaintiff's amended complaint also fails to allege the special circumstances required to make a breach of fiduciary duty claim plausible under *Dudenhoeffer*; in fact, Plaintiff admits as much in his Reply in support of the Motion to Amend. [Doc. No. 66] at 8.

Instead, Plaintiff argues that the proposed amended complaint states a breach of fiduciary duty claim because "the undiversified TEGNA Stock Fund was an imprudent investment for the Plan because TEGNA stock was properly priced and the Plan received no compensation for the extraordinary uncompensated risk it assumed from massive concentration in the stock." *Id.* at 9. "The bottom line," Plaintiff argues, "is that it is imprudent to offer a single-stock fund unless it is an employer securities fund expressly exempted from the duty to diversify." *Id.* at 10. These allegations, while arguably adding to the fabric of plaintiff's diversification theory, are nevertheless bound up with that theory. In holding that the original complaint failed to state a claim, this Court rejected the theory that Defendants were required to force Plan participants to diversify their investments, especially where, as here, participants had the choice to allocate their contributions among different plan investments. [Doc. No. 60] at 12. None of these additional

4

allegations in the proposed amended complaint undercuts the Court's reasoning in rejecting Plaintiff's diversification theory.

Like the original complaint, Plaintiff's proposed amended complaint also alleges that Defendants breached their duty of prudence under the Plan by failing to "conduct an appropriate investigation of continued investment in TEGNA common stock." [Doc. No. 54-2] ¶ 122; [Doc. No. 1] ¶ 107. In dismissing the original complaint, the Court, operating within the *Dudenhoeffer* framework, held that Plaintiff failed to allege what "special circumstances" an investigation would have uncovered, and had therefore "failed to allege facts that make plausible that any failure to conduct an adequate investigation caused any harm to the Plan." [Doc. No. 60] at 13. The proposed amended complaint does contain new allegations as to the process that ultimately led to the liquidation of the TEGNA stock fund in the Plan – specifically, that the Committee regularly monitored the TEGNA stock fund and discussed the possibility of closing it on several occasions before ultimately deciding to do so. [Doc. No. 54-2] ¶¶ 33-35, 38-44, 48-57. However, the amended complaint still lacks any allegations that further investigation by Defendants would have uncovered the "special circumstances" required to state a claim under *Dudenhoeffer*. Because the proposed amended complaint fails to address the deficiencies of the original complaint with respect to Defendants' alleged breach of their duties of prudence, to diversify, and to investigate, amendment would be futile.

For the reasons stated above, it is hereby

ORDERED that Plaintiffs' Motion for Leave to Amend Complaint [Doc. No. 54] be, and the same hereby is, DENIED; and it is further

ORDERED that Plaintiffs' Motion for Class Certification [Doc. No. 39] be, and the same hereby is, DENIED as moot.

The Clerk is directed to enter judgment in favor of the Defendants in accordance with Fed. R. Civ. P. 58 and to forward a copy of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
February 13, 2019